The Honorable Curren Everett State Representative 9600 Highway 9 South Salem, Arkansas 72576-9159
Dear Representative Everett:
This is my response to your request for clarification of Op. Att'y Gen. 2010-005, which addressed several questions about the waste tire program established under Act 749 of 1991, codified as amended at A.C.A. §§ 8-9-401 to-405 (Repl. 2000, Supp. 2009) ("Act 749").
I must respectfully decline to clarify the opinion in the manner requested. The answers to your questions depend on fact determinations. My office's Opinions Department is not equipped to investigate and evaluate questions of fact, and the office has a long-standing policy of not rendering opinions that require it to determine facts.
In effort to aid understanding of Op. Att'y Gen. 2010-005, however, I will note that the words "create" and "unilaterally" as used in the opinion were not intended to denote any precisely-defined meanings. I referred to a corporation's creation, rather than its formation, incorporation, or the like, because the question posed used the word "create." I used the word "unilaterally" merely to contrast a corporation's impermissible formation by a regional solid waste management board, acting alone, with the legitimate formation of a "separate legal or administrative entity" under an agreement contemplated by A.C.A. § 8-6-709(a) (Repl. 2000). *Page 2 
I regret that I cannot be of further help in this matter. Please feel free to contact me if I can be of assistance in some other respect.
Assistant Attorney General J. M. Barker prepared this opinion, which I approve.
Sincerely,
DUSTIN McDANIEL Attorney General *Page 1